THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-00328-MR-DLH

| | | |
|---|---|---|
| CARL McADOO, as Executor of the Estate of Charles Raford McAdoo, Sr., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | **O R D E R** |
| UNITED STATES OF AMERICA, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court on the Plaintiff's "Motion for Judgment by Default" [Doc. 10] and the Motions for Extension of Time filed by the Defendant Joyce Ann Nash [Docs. 11, 19].

The Plaintiff, proceeding *pro se*, filed this action on October 19, 2012 against various defendants, including the Defendant Joyce Ann Nash (Nash), for injuries allegedly sustained by the decedent while in the Defendants' care. On October 31, 2012, the Plaintiff filed an executed summons, indicating that he served Nash by certified mail on October 22, 2012. [Docs. 4, 5].

On November 16, 2012, the Plaintiff filed the present motion seeking "a judgment by default" against Nash pursuant to "Fed. R. Civ. P. 55(a)(b)(2) [sic]" for failing to answer or otherwise respond to the Complaint. [Doc. 10 at 1]. Subsequently, Nash filed a *pro se* motion seeking an extension of time to respond to the Complaint. [Doc. 19]. The *pro se* motion was postmarked November 21, 2012 but was not received by the Clerk's Office until November 26, 2012, at which time it was docketed. Also on November 26, 2012, a motion for extension of time was filed on behalf of Nash by an attorney. [Doc. 11]. At that time, counsel also filed an Answer on behalf of Nash. [Doc. 12].

Rule 6(b) of the Federal Rules of Civil Procedure provides that a motion for extension of time made after the time for acting has expired may be granted only upon a showing of good cause and excusable neglect. <u>See</u> Fed. R. Civ. P. 6(b)(1). Upon review of counsel's motion, the Court concludes that Nash has demonstrated good cause and excusable neglect for her failure to respond to the Complaint within the time required. Accordingly, the Court will grant Nash's request for an extension of time, and her Answer filed on November 26, 2012 will be deemed to have been

2

timely filed. The Plaintiff's request for the entry of default against Defendant Nash is therefore denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion for Judgment by Default" [Doc. 10] is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion for Extension of Time filed by the Defendant Joyce Ann Nash [Doc. 11] is **GRANTED**, and Defendant Nash's Answer [Doc. 12] shall be deemed to have been timely filed.

**IT IS FURTHER ORDERED** that the Nash's Motion for Extension of Time [Doc. 19], filed *pro se*, is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Signed: December 11, 2012

Martin Reidinger
United States District Judge