# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12cv328

| | |
|---|---|
| CARL E. MCADOO, EXECUTOR FOR ) <br> THE ESTATE OF CHARLES RAFORD ) <br> MCADOO, SENIOR, DECEASED, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, et al., ) <br> ) <br> **Defendants.** ) <br> _____ ) | **ORDER** |

Plaintiff brought this action against Defendants asserting a number of state and federal claims. Subsequently, Defendants filed two Motions to Dismiss [# 17 & # 22]. Defendants move to dismiss the claims on a number of grounds, including failure to state a claim. Specifically, Defendants Rutherford County Department of Social Services, John Carroll, Vic Martin, and Ann Padgett (collectively, "Rutherford County Defendants") contend that the Complaint fails to contain sufficient factual allegations supporting the claims. In response to the Motions to Dismiss, Plaintiff submitted two Memorandums with numerous exhibits attached. Plaintiff also asserts a host of new factual allegations that are not contained in the Complaint.

In ruling on a Rule 12(b)(6) motion, the issue for the Court is whether the

Amended Complaint states a plausible claim of relief against Defendants.  See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009).   In considering Defendants' motion, the Court accepts the allegations in the Amended Complaint as true and construes them in the light most favorable to the Plaintiff.  Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92.  Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189. Moreover, the Court generally only considers the factual allegations contained in the Complaint and may not consider factual allegations raised in briefs or documents submitted in support or in opposition to a motion to dismiss.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256.  "[A] formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555, 127 S. Ct. at 1965.  Nor will mere labels and legal conclusions suffice.  Id.  Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662,

678, 129 S. Ct. 1937, 1949 (2009).

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

In light of Plaintiff's *pro se* status, the Court will afford Plaintiff an opportunity to file an Amended Complaint and allege the factual allegations asserted in the response to the Motions to Dismiss. The Court **INSTRUCTS** Plaintiff that the Amended Complaint must separately set forth each claim asserted against Defendants in separate paragraphs. The Amended Complaint should also specify which claims are asserted against which Defendants. In addition, Plaintiff must set forth the factual allegations forming the basis of each claim. The failure to plead factual allegations suggesting each element of each claim asserted will

likely result in the dismissal of this case.

In addition, the Court will not consider any factual allegations raised for the first time in a response to a motion to dismiss. The Court will not consider exhibits attached to a Memorandum in Opposition in ruling on any motions to dismiss. Plaintiff should include any factual allegations that form the basis of Plaintiff's claims in the Complaint. Plaintiff shall have until May 20, 2013, to file an Amended Complaint that complies with this Order. The failure to comply with this Order will likely result in the Court recommending that the District Court grant the Motions to Dismiss and dismiss the claims asserted in the Complaint with prejudice. Finally, if Plaintiff does not file an Amended Complaint, the Court will strike the various exhibits from the record and rule on the Defendants' motions based only on the factual allegation contained in the Complaint.

Signed: May 2, 2013

Dennis L. Howell
United States Magistrate Judge