# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12cv328

CARL E. MCADOO, EXECUTOR FOR )
THE ESTATE OF CHARLES RAFORD )
MCADOO, SENIOR, DECEASED, )
)
    Plaintiff, )
)
v. )     ORDER
)
UNITED STATES OF AMERICA, et al., )
)
    Defendants. )
_____ )

Pending before the Court are the Motions to Dismiss [# 48 & # 50]. Plaintiff brought this action *pro se* as the Executor of the Estate of Charles McAdoo, Sr. (the "Estate"). The Amended Complaint asserts eighteen claims against Defendants. Defendants now move to dismiss the Amended Complaint on various grounds. Upon a review of the record, the relevant legal authority, and the parties' briefs. The Court **DENIES** without prejudice the motions [# 48 & # 50] and **DIRECTS** Plaintiff to obtain counsel within thirty (30) days of the entry of this Order.

    **I.**     **Background**

Plaintiff brought this action *pro se* against numerous individuals, as well as federal and local governmental entities. All of the claims stem from the death and

1

treatment of Plaintiff's father. In total, Plaintiff asserts eighteen claims against Defendants. All of these claims are asserted by Plaintiff in his capacity as Executor of the Estate. Because Plaintiff is prosecuting these claims *pro se* in his capacity as Executor of the Estate, as opposed to on his own behalf, the Court is faced with the threshold question of whether he may proceed in this case *pro se,* or whether Plaintiff may only prosecute such claims through counsel.

**II. Analysis**

Individuals have a statutory right to prosecute their own cases *pro se* in federal courts. 28 U.S.C. § 1654; see also Myers v. Loudoun Cnty. Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his *own* claims in federal court . . . .") "The right to litigate for *oneself,* however, does not create a coordinate right to litigate for *others*." Myers, 418 F.3d at 400 (emphasis in original) (holding that a parent may generally not proceed *pro se* on behalf of his or her child). As the Fourth Circuit has explained, "we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others." Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that an individual may not proceed *pro se* on behalf of a class of plaintiffs). "The law contains so many esoteric pitfalls for an untrained advocate . . . that the risk of inadvertent waiver or abandonment of an issue is too high for us to allow a *pro se* litigant to represent another person." Guest v. Hansen, 603 F.3d

15, 20 (2nd Cir. 2010).

Here, Plaintiff brings these claims as the Executor of the Estate; he does not assert claims in his individual capacity. Although the Fourth Circuit has not yet directly addressed the issue of whether or under what circumstances a Plaintiff may proceed *pro se* on behalf of an estate, other circuits have held that where an administrator or executor of an estate is not the sole beneficiary or where the estate has creditors, then he or she may not represent the estate *pro se* in federal court. Malone v. Nielson, 474 F.3d 934, 937 (7th Cir. 2007); Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2003); Pridgen v. Andresen, 113 F.3d 391, 393 (2nd Cir. 1997); see also Witherspoon v. Jeggords Agency, Inc., 88 Fed. App'x 659 (4th Cir. 2004) (unpublished). As the Seventh Circuit explained in Malone:

> Although individuals have a right to proceed pro se . . . administrators do not act on behalf of themselves, but on behalf of all of the beneficiaries of an estate. Consequently, if the administrator is not the sole beneficiary of the estate, then he or she may not represent the estate in court.

474 F.3d at 937.

The Second Circuit, however, has also held that the administrator of an estate may proceed *pro se* where the administrator is the sole beneficiary of the estate and the estate has no creditors.[1] Guest, 603 F.3d at 21; see also McSwain v.

---

1 Although the estate in Guest had two beneficiaries when the case was brought, one of the beneficiaries disclaimed any interest in the estate and the administrator affirmed that the estate had no creditors. 603 F.3d at 21.

3

Schrubbe, 382 Fed. App'x 500, 502 (7th Cir. 2010) (unpublished) (allowing sole heirs to proceed *pro se)*; Hiles v. Army Review Bd. Agency, No. 1:12-cv-673, 2013 WL 1196594, at *5 (S.D. Ohio Mar. 25, 2013) (unpublished) (allowing sole beneficiary of estate to proceed *pro se)*. In reaching its decision, the Second Circuit reasoned:

> It is only a legal fiction that assigns the sole beneficiary's claims to a paper entity—the estate—rather than the beneficiary himself. Accordingly, pro se representation is consistent with our jurisprudence both on the right to self-representation and on the prohibition of appearances by non-attorneys on behalf of others. Because the administrator is the only party affected by the disposition of the suit, he is, in fact, appearing solely on his own behalf. This being so, the dangers that accompany lay lawyering are outweighed by the right to self-representation, which we have described as "a right of high standing, not simply a practice to be honored or dishonored by a court depending on its assessment of the desiderata of a particular case." O'Reilly v. N.Y. Times Co., 692 F.2d 863, 867 (2d Cir.1982).

Id.

Plaintiff asserts the claims in the Amended Complaint as the Executor of the Estate of his deceased father, Charles Raford McAdoo, Sr. (Pl.'s Am. Compl. ¶ 1.) Although Plaintiff contends that the Estate has no creditors, Plaintiff is not the only beneficiary of the Estate. Plaintiff's brother, Charles Raford McAdoo, Jr. and sister, Carolyn McAdoo-Smith are also beneficiaries of the Estate and entitled to a portion of any recovery in the wrongful death claim. Plaintiff, however, contends that his brother has abandoned any claim to the Estate and, thus, he may litigate

these claims *pro se* as the sole beneficiary of the Estate.

Although circumstances may exists where a beneficiary may abandon all claims to an estate and allow a sole remaining beneficiary to litigate claims *pro se* as executor of an estate, the Court finds that based on the specific facts of this case, the Court cannot allow Plaintiff to proceed *pro se*. At least one of the claims asserted by Plaintiff in the Amended Complaint is a wrongful death claim. (Pl.'s Am. Compl. ¶ 573.) "In an action brought under the Wrongful Death Act the real party in interest is not the estate but the beneficiary of the recovery as defined in the Act." Evans v. Diaz, 430 S.E.2d 244, 245 (N.C. 1993); see also Beck v. Beck, 624 S.E.2d 411, 415 (N.C. Ct. App. 2006). Moreover, the proceeds of a wrongful death recovery do not generally constitute assets of the estate. Id. The North Carolina Supreme Court has also held that despite statutory provision allowing an individual to renounce property received as an heir or next of kin, an individual may not renounce his or her share of wrongful death proceeds. Evans v. Diaz, 430 S.E.2d 244, 247-48 (N.C. 1993); Janet H. McLanb and Lisa K. Vira, Edwards' North Carolina Probate Handbook, § 36:3 (2013). "Altering the identity of wrongful death beneficiaries through the device of renunciation would alter the measure of damages for which the defendant could be liable." Evans, 430 S.E.2d at 247. Thus, even if Plaintiff's brother did legally renounce his claim to the assets of the Estate, he did not renounce his share of the wrongful death proceeds by

doing so. There also remains the interest of the decedent's daughter and Plaintiff's sister, Carolyn McAdoo-Smith , in the wrongful death claim proceeds, if any.

Moreover, the pitfalls of allowing an individual to litigate the claims of an estate where other beneficiaries exists is abundantly clear in this case. While Plaintiff has pointed this Court to some relevant legal authority in response to the Defendants' Motions to Dismiss, his decisions and choices in litigating these claims have the potential to adversely impact the other beneficiaries of any wrongful death claim, as well as the beneficiaries of the Estate. For example, were this Court to address the merits of the Motions to Dismiss, the Court would recommend that the District Court dismiss most, if not all, of the claims presented on somewhat technical grounds. Such a ruling would obviously adversely impact any other potential beneficiaries. An attorney, however, might be able to successfully plead a claim against one or more of the Defendants in this case. Because Plaintiff is not the sole beneficiary of the Estate, Plaintiff's brother and sister are beneficiaries of any recovery from a wrongful death action, and based on the unique facts of this case, the Court finds that Plaintiff may not proceed *pro se* in this case; Plaintiff must first obtain the assistance of counsel if he wishes to prosecute these claims in federal court. Finally, the Court's ruling in this case is consistent with the decisions of other federal courts that have not allowed an individual to proceed *pro se* whether the individual is not the sole beneficiary of

the estate.  See  Johnson v. Marberry, No. 12-4390, 2013 WL 6570943, *1 (3rd Cir. Dec. 16, 2013); Genworth Life Ins. Co. v. Richardson,  No. 12 CV 4283, 2013 WL 5376573, at *1-2 (N.D. Ill Sept. 25, 2013); Kimble v. Withers, Civil Action No. 5:12cv00110, 2013 WL 6147678, at *4 (W.D. Va. Nov. 22, 2013); Nordberg v. Town of Charlton, Civil Action No. 11-40206-FDS, 2012 WL 2990763, at *4 (D. Mass. Jul. 19, 2012); United States v. Nazarian, Civil Action No. DKC 10-2962, 2011 WL 1559378, at *2 (D. Md. Apr. 25, 2011).

### III.  Conclusion

The Court **DIRECTS** Plaintiff to obtain counsel by March 5, 2013.  Upon the entry of an appearance by counsel, the Court will allow counsel twenty (20) days to file an amended complaint that sets forth any non-frivolous claims arising from the death of Plaintiff's father.  If Plaintiff fails to comply with this Order and obtain counsel within the time allowed, the Court will recommend that the District Court dismiss without prejudice this action in its entirety.  Finally, the Court **DENIES without prejudice** the pending Motions to Dismiss [# 48 & # 50]

Signed: February 3, 2014

Dennis L. Howell
United States Magistrate Judge